UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RONALD MAZZAFERRO, pro se,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, and MARY C. ROWLAND, Revenue Agent,<br><br>Respondents. | Case No: C 10-80156-MISC SBA<br><br>**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS PETITION AND MOTION FOR SUMMARY ENFORCEMENT** |

Petitioner Ronald Mazzaferro filed a pro se petition to quash a summons issued by the Internal Revenue Service ("IRS") to obtain records from Exchange Bank in Santa Rosa, California. The IRS answered the petition and filed a combined motion to dismiss the petition and motion for summary enforcement of the summons. Dkt. 1, 3.[1] Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the petition and GRANTS the IRS' motion to enforce the summons. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); Civ. L.R. 7-1(b).

## **BACKGROUND**

IRS Revenue Agent Mary Rowland ("Agent Rowland") was assigned to investigate the tax liabilities of the Petitioner. Rowland Decl. ¶ 2, Dkt. 4. On or about July 1, 2010, Agent Rowland issued a third party summons to Exchange Bank in order to obtain information regarding Petitioner for the time period from December 31, 1999, through June 30, 2010. Id. ¶ 9 & Ex. A. The summons seeks information regarding "whether certain

---

[1] The petition identifies the United States of America, the Internal Revenue Service and Revenue Agent Mary C. Rowland as Respondents. For simplicity, Respondents will be collectively identified as the "IRS."

checks made payable, endorsed, and deposited to an account at Exchange Bank were indicative of unreported taxable income." Id. ¶ 3. The summons was sent by certified mail to Exchange Bank and Petitioner on July 1, 2010. Id. ¶ 9. The summons indicated that the deadline for producing the requested records was July 23, 2010. Id. Ex. A. However, none of the requested items have been produced. Id. ¶ 9.

On July 21, 2010, Petitioner filed the instant petition, which alleges the following claims: (1) the IRS failed to provide him with the notice required by 26 U.S.C. § 7609(a)(1); (2) that the IRS failed to provide him with advance notice and periodic updates as required by 26 U.S.C. § 7602(c)(1) & (2); (3) the summons was issued while a referral for criminal prosecution was pending in violation of 26 U.S.C. § 7602(d)(2)(A); (4) the IRS' use of Form 2039 was an abuse of process because Exchange Bank is not a third party record-keeper; (5) the IRS failed to meet the "good faith" requirements of United States v. Powell, 379 U.S. 48 (1964); (6) the IRS is in violation of "the Privacy Laws of the United States of America"; and (7) the IRS is in violation of California privacy laws. Petition at 3-5, Dkt. 1.

In response to the petition, the IRS filed an answer on September 23, 2010. Dkt. 2. On October 12, 2010, the IRS filed a motion to dismiss and for an order to enforce the summons. Dkt. 3. The motion is supported by the declaration of Agent Rowland. Id. As a threshold matter, the IRS argues that the Court lacks subject matter jurisdiction to consider the petition on the ground that Petitioner failed to properly serve the IRS with the petition and failed to obtain issuance of a summons. Additionally, the IRS seeks to enforce the summons based on its compliance with the requirements articulated by the Supreme Court in Powell.

The hearing on the petition and the IRS' motion was originally scheduled for December 14, 2010. Under Civil Local Rule 7-3(a), any opposition to the IRS' motion was due within twenty-one days of the hearing date, meaning that Petitioner's response was due by November 23, 2010. No opposition was received by that date. Instead, on December 2, 2010, after the filing deadline had passed, Petitioner filed a request to vacate the December

14 hearing date on the ground that he was never served with the IRS' motion papers.  Dkt. 6.  Although it appeared that Petitioner had, in fact, received the motion, the proof of service accompanying the motion papers was unsigned.  Out of an abundance of caution, the Court granted Petitioner's request and ordered the IRS to re-serve its motion papers and to e-file a Certificate of Service.  12/7/10 Order, Dkt. 7.  On December 7, 2010, the same date that the Court issued the above-referenced Order, the IRS filed a Certificate of Service evidencing that it served, by first class mail, its motion to dismiss and the supporting declaration at the address listed on Petitioner's court filings.  Dkt. 8.

The Court's 12/7/10 Order instructed Petitioner to file and serve his opposition or statement of non-opposition to IRS' motion by no later than December 23, 2010.  Id.  The Order explicitly warned that the failure to timely respond to the motion would result in the granting of the IRS' motion.  Id.  The Court continued the hearing on the motion from December 14, 2010, to February 8, 2011. Nonetheless, Petitioner did not file an opposition or statement of non-opposition, as ordered.  Instead, on December 22, 2010, a day before his response to the motion was due, Petitioner filed a declaration in which he requested that the Court vacate the December 23, 2010 deadline to file a response to IRS' motion, and to vacate the February 8, 2011 hearing date.  Mazzaferro Decl. ¶ 11, Dkt. 9.  The Court liberally construes Petitioner's declaration as a motion for continuance.[2]

In his motion, Petitioner now claims that on December 21, 2010, after reviewing the Court's December 7, 2010 Order, he accessed the Court's PACER service, but allegedly was unable to find proof that he had been served with the IRS' motion papers.  Id. ¶ 11.  Petitioner alleges that he has not received the IRS' motion papers and that he is "very

---

[2] On February 1, 2011, Petitioner filed a second "declaration," apparently in connection with the IRS' motion.  Dkt. 11.  The Court's scheduling order issued on December 7, 2010, expressly states that the Court "will not consider any papers filed by Petitioner after [December 23, 2010]", the deadline for his opposition or statement of non-opposition.  12/7/10 Order at 2.  Since Petitioner filed the aforementioned declaration without seeking or obtaining leave of Court to do so, the Court strikes the declaration from the record.  Nonetheless, the Court notes that nothing in the declaration alters the Court's analysis and conclusions in this Order.

confused as to what should be done or responded to at this point and therefore respectfully object [sic] to having to respond in this state of confusion caused by Respondent's failure to comply with the December 7, 2010 order of the Court and or [sic] to file and serve documents it lists on its various proofs of service." Id. ¶ 12. As will be set forth below, however, the Court finds that Petitioner's assertion that he has not received the IRS' papers lacks credibility and that he otherwise has failed to demonstrate good cause for vacating the deadline for his opposition or the hearing date scheduled for February 8, 2011. As a result, the Court deems the IRS' motion to dismiss and to enforce summons ripe for adjudication without further delay.[3]

## DISCUSSION

### I.   PETITIONER'S MOTION FOR CONTINUANCE

A trial court has broad discretion in ruling on a motion for a continuance. Ungar v. Sarafite, 376 U.S. 575, 589 (1964); United States v. Moreland, 604 F.3d 1058, 1069 (9th Cir. 2010). In this District, a party may seek leave to modify a filing deadline or date for a court appearance set pursuant to a prior court order by submitting a stipulation under Civil Local Rule 6-2. If the opposing party is unable to obtain a stipulation, the party seeking the continuance must file a motion to change time in accordance with Local Rule 6-3. A motion made under Local Rule 6-3 must: (1) set forth with particularity the reasons for the requested time change; (2) describe the efforts to obtain a stipulation for a time change; (3) identify the "substantial harm or prejudice" that would result absent a time change; (4) disclose all prior time modifications; and (5) describe the effect the requested modification would have on the schedule for the case. Id. 6-3(a).

Petitioner's motion, which the Court has liberally construed, does not comply with the requirements of Local Rule 6-3. A request that fails to comport with procedures set

---

[3] As will be set forth below, the petition is subject to dismissal for lack of jurisdiction. Alternatively, the petition may be dismissed based on Petitioner's failure to file any substantive response to the United States' motion. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

forth in a district court's local rules may be summarily denied.  See Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 582 (9th Cir. 2010) (upholding district court's denial of motion to tax costs which was not in compliance with the court's local rules).  The fact that Petitioner is pro se does not insulate him from the responsibility of complying with all applicable procedural rules and orders of this Court.  See Ghazali, 46 F.3d at 54 ("pro se litigants are bound by the rules of procedure") (per curiam); Swimmer v. I.R.S., 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.").

Setting aside Petitioner's non-compliance with the Local Rules, the Court finds that he has failed to demonstrate good cause for his request.  Petitioner's claim that he has not received copies of the IRS' motion is specious and incredible.  The IRS re-served its motion papers on Petitioner at the address that appears on Petitioner's submissions to this Court.  In addition, Petitioner's claim that he has not received the IRS' motion is belied by the fact that he quotes directly from the IRS' motion.  Mazzaferro Decl. ¶ 5.  In addition, even if he did not receive the motion papers by mail, Petitioner was on notice that the failure to file a response to the IRS' motion by the stated deadline would have dire consequences for him.  As such, Petitioner easily could have downloaded copies of the IRS' motion papers when he accessed PACER on December 17, 2010.[4]

As for Petitioner's claim of "confusion," the Court's 12/7/10 Order, which Petitioner admits he received, clearly states that he must file an opposition or statement of non-opposition by no later than December 23, 2010.  12/7/10 Order at 3.[5]  The Order also warned Petitioner of the consequences of failing to respond to the IRS' motion; namely, that the motion would be granted.  Id.  Petitioner's request for a continuance is nothing

---

[4] In addition, the Clerks Office has computers available to the public from which documents in PACER can be accessed and printed.  Thus, even if Petitioner did not receive the motion papers from the IRS in the mail, he had the ability to obtain copies of the motion through the Court.

[5] Petitioner's ancillary assertion that as of December 21, 2010, he was unable to find proof in PACER that he had been served is equally specious.  The PACER docket confirms that IRS e-filed its Certificate of Service on December 7, 2010.

more than a dilatory tactic intended to delay resolution of this matter.  See United States v. Kelm, 827 F.2d 1319, 1322 (9th Cir. 1987) (recognizing that a trial court may properly deny a continuance if the requesting party's conduct is "dilatory and hinders the efficient administration of justice"), overruled on other grounds by United States v. Heredia, 483 F.3d 913, 920 (9th Cir. 2007) (en banc).  Accordingly, Petitioner's motion for a continuance is denied.  The Court now turns to the merits of the IRS' motion to dismiss.

## II. PETITION TO QUASH

### A. Overview

Under the Internal Revenue Code ("IRC"), the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability.  Summons may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or ... collecting any such liability."  26 U.S.C. § 7602(a).  A taxpayer identified in an IRS summons served on a third-party record keeper may begin proceedings to quash the summons.  26 U.S.C. § 7609(b)(2)(A).  In turn, the IRS may seek to compel compliance with the summons.  Id.; Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir. 1999).

"To defeat a petition to quash, or to enforce a summons, the government must establish that (1) the investigation will be conducted for a legitimate purpose; (2) the material being sought is relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the IRS complied with all the administrative steps required by the Internal Revenue Code."  Crystal, 172 F.3d at 1143-44 (citing Powell, 379 U.S. at 57-58).  The IRS' burden to establish the prima facie case "is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met."  United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993).  "The burden is minimal because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted."  Id.

Once the IRS establishes a prima facie case under Powell, the burden shifts to the petitioner to negate one of the four Powell elements or demonstrate a lack of good faith on

- 6 -

the part of the Government.  Dynavac, Inc., 6 F.3d at 1414.  "The taxpayer … carries a heavy burden."  United States v. Stuckey, 646 F.2d 1369, 1372 (9th Cir. 1981).  "The taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose."  Crystal, 172 F.3d at 1144.  "If no substantial challenge to the validity of the summons is made in a sworn affidavit or declaration alleging specific facts, the matter should be decided on the pleadings before the district court with no further proceedings."  Strough v. United States, 326 F. Supp. 2d 1118, 1121 (C.D. Cal. 2003) (citing Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392-93 (9th Cir. 1985)).

### B. Subject Matter Jurisdiction

The threshold question is whether the Court has subject matter jurisdiction to consider the petition.  As a general rule, the United States may not be sued unless it has waived its sovereign immunity.  Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804, 806 (9th Cir. 2003).  Unless the United States consents to be sued, the Court lacks subject matter jurisdiction over claims against the federal government.  United States v. Sherwood, 312 U.S. 584, 586 (1941); McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1998).  In limited circumstances, § 7609 of the IRC waives sovereign immunity for a judicial review of IRS summonses.  26 U.S.C. § 7609(a), (b)(2)(A).  Congress provided that "any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)."  26 U.S.C. § 7609(b)(2)(A).

As the party seeking to invoke this Court's jurisdiction, Petitioner bears the burden of demonstrating that he has standing in this case.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  Petitioner has failed to meet that burden.  To properly commence a proceeding to quash a summons, the taxpayer must, within twenty days of receiving notice of the summons, send by registered or certified mail, a copy of the petition to the person summoned and to the IRS.  26 U.S.C. § 7609(b)(2)(B).  In this case, there is no evidence that Petitioner served a copy of his petition on Exchange Bank.  Nor is there any evidence that Petitioner properly served the IRS by registered or certified mail and included a

summons.  See Fed. R. Civ. 4(i).  In addition, the U.S. Attorney's Office has no record of receiving a copy of these documents.  Since compliance with § 7609 is jurisdictional, Petitioner's failure to abide by its requirements warrants dismissal of the instant petition.  See Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir. 1985) (affirming district court's refusal to review IRS summonses where taxpayer failed to comply with the twenty-day filing requirement of § 7609(b)(2)(A)).

### C. Enforcement of the Summons

Even if Petitioner had complied with the jurisdictional requirements of § 7609(b)(2)(A), the Court finds, as an alternative matter, that the petition would be denied in any event.  As discussed, a petition to quash and motion to enforce summons rely on the same analytical framework:  The IRS must make an initial showing under Powell, and if it does so, the petitioner must negate one of the Powell elements or demonstrate a lack of good faith on the part of the IRS.  Dynavac, Inc., 6 F.3d at 1414.

#### 1. Legitimate Purpose

The first Powell element requires the IRS to demonstrate that its investigation is being conducted for a legitimate purpose.  379 U.S. at 57.  According to the declaration of Agent Rowland, the purpose of the summons is to ascertain "whether certain checks made payable, endorsed, and deposited to an account at Exchange Bank were indicative of unreported taxable income."  Rowland Decl. ¶ 3.  This is a legitimate purpose for an IRS summons.  See Wild v. IRS, 362 F.2d 206, 209 (9th Cir. 1966)  ("If . . . the objective of the investigation is to obtain information which may be utilized in determining whether there is civil liability for a tax . . . then the summons may be enforced"); Nelson v. IRS, No. C 94-1345 FMS, 1994 WL 519485, at *6 (N.D. Cal. Sept. 19, 1994) ("Respondents issued the summons to ascertain whether petitioners' tax returns correctly reflected their income. This is a legitimate purpose.") (Smith, J.).

#### 2. Relevance

The second prong under Powell requires the IRS' inquiry to be relevant to the legitimate purpose.  379 U.S. at 57.  "The IRS' power to examine records in connection

with tax investigations is broadly construed." IRS v. Zolin, 809 F.2d 1411, 1414 (9th Cir. 1987), aff'd in part and vac'd in part on other grounds, 109 S.Ct. 2618 (1989). "The IRS's burden, while not great, is also not non-existent." IRS v. Goldman, 637 F.2d 664, 667 (9th Cir. 1980). If the records "might throw light" on the accuracy of the returns, then they are relevant. Zolin, 809 F.2d at 1414.

The IRS contends that the records sought by the summons "are relevant to and can reasonably be expected to assist in inquiry regarding the tax obligations" of the Petitioner. Rowland Decl. ¶ 5. In particular, the IRS seeks copies of checks deposited into Petitioner's account that should have been reported as taxable income. Id. ¶ 3. As such, the records being sought are clearly relevant. See English v. Krubsack, 371 F. Supp. 2d 1198, 1202 (E.D. Cal. 2005) (finding that that summoned financial records related to taxpayer's financial activity and were relevant and necessary to determine taxpayer's income tax liabilities); see also Personett v. I.R.S., No. 09-cv-01258-PAB-KMT, 2009 WL 3417863, at *6 (D. Colo. Sept. 3, 2009) (finding the relevance requirement satisfied because financial records are certain to aid in examining income tax liability).

### 3. Possession of Information

The third Powell requirement is that the "information sought is not already within the Commissioner's possession." 379 U.S. at 57-58. Agent Rowland states in her declaration that the IRS does not have access, possession or control over the records being sought. Rowland Decl. ¶ 4. This statement is sufficient to satisfy the IRS's burden. See Dynavac, 6 F.3d at 1414 ("The government's burden … may be satisfied by a declaration from the investigating agent that the Powell requirements have been met.").

### 4. Compliance with Administrative Steps

The final Powell element requires the IRS to show that it has followed the IRC's administrative steps. 379 U.S. at 58. Although Petitioner has not filed an opposition that substantively addresses the IRS' motion to dismiss, the Court liberally construes the petition to assess whether the IRS followed with the requisite administrative procedures.

1  As discussed below, the Court finds that the IRS has done so, and that Petitioner's claims to
2  the contrary are without merit.

### a) 26 U.S.C. § 7609(a)(1)

Petitioner first alleges that the IRS failed to provide twenty-three days notice for compliance with the summons, as required by 26 U.S.C. § 7609(a)(1). Petition at 3. The IRS concedes that due to an inadvertent error, it provided Petitioner with twenty-two, as opposed to twenty-three, days to comply. Rowland Decl. ¶ 10. Nonetheless, the IRS contends that such error does not invalidate the summons, particularly where, as here, Petitioner has suffered no demonstrable prejudice as a result.

Though the Ninth Circuit has not yet reached this issue, circuit courts have held that an error in the administrative process does not per se invalidate the summons. See IRS v. Gilbert C. Swanson Found., Inc., 772 F.2d 440, 441 (8th Cir. 1985) ("[W]e believe denial of the summons would be an elevation of form over substance"); Adamowicz v. IRS, 531 F.3d 151, 161 (2d Cir. 2008) ("[W]e adopt the rule that whether the government's violation of the IRC or an IRS regulation in connection with the issuance of a summons affects the enforceability of that summons depends upon the totality of the circumstances, including the seriousness of the infringement, the harm or prejudice, if any, caused thereby, and the government's good faith"); Cook v. IRS, 104 F.3d 886, 889 (6th Cir. 1997) (employing a harmless error type analysis to conclude that a one-day-late notice did not warrant quashing the summons); Sylvestre v. IRS, 978 F.2d 25, 28 (1st Cir. 1992) (holding untimely notice was not a basis for quashing the summons where [the taxpayer] was not harmed by the late notice) (per curiam); IRS v. Bank of Moulton, 614 F.2d 1063, 1066 (5th Cir. 1980) ("We, too, decline to elevate form over substance and reject the suggestion that every infringement of a requirement of the [IRC] absolutely precludes enforcement of an IRS summons").

Federal district courts within the Ninth Circuit are in accord. See Int'l. Bus. Enters. v. IRS, No. 95-95, 1995 WL 381626, at *3 (S.D. Cal. Mar. 30, 1995) ("[T]he sufficiency of notice should be analyzed by evaluating the good faith of the IRS agent and by analyzing

whether there is injury to the taxpayer."); Simmons v. IRS, No. CV F-94-5500 OWW DLB, 1994 WL 16193779 (E.D. Cal. Dec. 2, 1994) (denying petitioner's motion to quash summons despite the fact that Agent Weaver misdated the face of the summons since the summons was issued and served); Fin. Sec. Corp. v. IRS, No. C 84-4268 MHP, 1984 WL 3127, at *2 (N.D. Cal. Dec. 6, 1984) (holding that despite the disputed technical sufficiency of the notice, petitioners were not prejudiced and thus the matter should be resolved on the merits) (Patel, J.); Vincent v. IRS, No. Cv. F. 84-85 EDP, 1984 WL 3116, at *3 (E.D. Cal. Nov. 15, 1984) (denying motion to quash summons despite the technical violation of Section 2609(d)).

Here, the summons was dated June 30, 2010, but apparently due to an inadvertent administrative error, the IRS did not mail the summons until July 1, 2010. Rowland Decl. ¶ 10. Although taxpayers are afforded twenty-three days notice per § 7609(a)(1) to respond, the summons incorrectly specified the deadline to respond as July 23, 2010. Id. Based on a service date of July 1, 2010, Petitioner thus received only twenty-two, as opposed to twenty-three, days notice. Petitioner asserts in his petition that the IRS' error precluded him from timely filing his petition to quash the summons. Petition ¶ 10. This contention lacks merit. A taxpayer has twenty days from the date the summons is served to file such a petition. 26 U.S.C. § 2602(b)(2). Since the summons was served on July 1, 2010, Petitioner had until July 21, 2010 to file a petition to quash the summons—which is precisely when the petition was filed. Dkt. 1. Accordingly, Petitioner's claim that he was prevented from timely filing his petition is without merit.

### b)   26 U.S.C. § 7602(c)

Equally without merit are Petitioner's assertions that the IRS violated 26 U.S.C. § 7602(c)(1) and (c)(2) by failing to provide him with: "advance notice that contact with any of these third parties were to be made; and failed to periodically provide Mazzaferro with a record of persons contacted by [the] IRS about Mazzaferro as required[.]" Petition ¶ 11. Section 7602(c) states:

**Notice of contact of third parties**

> **(1) General notice**—An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.
>
> **(2) Notice of specific contacts**—The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

26 U.S.C. § 7602.

In the instant case, the record shows that the IRS attempted to contact Petitioner regarding the summons by mailing him an initial contact letter and a pamphlet titled "Your Rights as a Taxpayer." Rowland Decl. ¶ 6. The letter was sent by certified mail and addressed to Petitioner's last known mailing address, id., but was returned because there was no mail receptacle at that address. Id. ¶ 7. The IRS later served the IRS summons on Exchange Bank and gave notice to Petitioner by certified mail on July 1, 2010, two months after it attempted to provide notice to Petitioner. Id. ¶ 9. Though Petitioner did not actually receive the notice when it was originally sent, the United States nonetheless satisfied its obligation to provide advance notice by mailing it to Petitioner's last known address. See 26 U.S.C. § 7602(a)(2) ("If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice[.]").[6] The United States also complied with § 7602(c)(2) by providing Petitioner with a record of persons whom had been contacted. See Rowland Decl. Ex. A.

### c) *26 U.S.C. § 7602(d)(2)(A)*

Under 26 U.S.C. § 7602(d), the IRS cannot issue nor seek to enforce an administrative summons "if a Justice Department referral is in effect with respect to such person." Petitioner alleges that "the IRS Summons was issued while a referral for criminal

---

[6] On April 23, 2010, the United States was able to trace Petitioner's address to P.O. Box 147, El Verano, CA 94533, which is the same address listed on the various papers Petitioner has filed with this Court. Id. ¶ 8. It is unclear why the IRS did not send notice of the summons to Petitioner at this address until July 1, 2010. Nevertheless, as set forth above, the uncontroverted records shows that the United States discharged its obligations under § 7602(c)(1) through the earlier mailing.

prosecution to the Department of Justice is pending, which was made by the IRS in violation of Section 7602(a)(2)(A)." Petition ¶ 12. However, no such referral had been made to the Department of Justice. Rowland Decl. ¶ 12. As such, the Court finds no factual basis to support Petitioner's allegation that the United States violated § 7602(d)(2)(A).

### d)   Form 2039

Petitioner next alleges that the United States improperly served Exchange Bank with a Form 2039 summons, based on the theory that "Exchange Bank is not a third party record keeper pursuant to Section 7603(b)(2)(1) [sic]." Petition ¶ 13. Form 2039 is a general summons form utilized by the IRS. See Poole v. United States, No. C 10-2668 RS, 2011 WL 206674, at *3 (N.D. Cal. Jan. 21, 2011). Section 7603(b) defines a "third-party record keeper" as "any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, *any bank (as defined in section 581)*, or any credit union (within the meaning of section 501(c)(14)(A))[.]" 26 U.S.C. § 7603(b) (emphasis added).

Petitioner has provided the Court with no legal authority for the proposition that Form 2039 is limited to third party record keepers. But even if the use of Form 2039 were limited in that manner, the IRS' use of the form in this instance was proper. Under 26 U.S.C. § 581, "the term 'bank' means a bank or trust company incorporated and doing business under the laws of the United States …or of any State…." 26 U.S.C. § 581. The Court takes judicial notice of the fact that Exchange Bank is listed on the Federal Deposit Insurance Corporation's website as a "state chartered bank…." See http://www2.fdic.gov/idasp/main_bankfind.asp (last visited Feb. 1, 2011). In addition, the Court has been provided with no evidence that Exchange Bank is, in fact, not a bank. Therefore, even if Form 2039 were limited to third party record-keepers, the Court finds that the IRS' use of the form was proper in this instance.

- 13 -

## III. CONCLUSION

The Court finds that the IRS has met its burden of showing that all of the elements of the Powell test have been satisfied. In contrast, Petitioner has not met his burden of showing an abuse of process or lack of good faith on the part of the IRS. Accordingly,

IT IS HEREBY ORDERED THAT:

1. The IRS' motion to dismiss the petition and for summary enforcement of the summons is GRANTED. The petition is dismissed and the summons shall be enforced forthwith.

2. Docket 11 (Declaration of Petitioner Ronald Mazzaferro) is STRICKEN.

3. The hearing scheduled for February 8, 2011, is VACATED.

4. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: February 7, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 14 -

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RONALD MAZZAFERRO,

       Plaintiff,

  v.

UNITED STATES OF AMERICA et al,

       Defendant.
_____/

                                                   Case Number: CV10-80186 SBA

                                                   **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 8, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald Mazzaferro
P.O. Box 536
El Verano, CA 95433

Dated: February 8, 2011

                                        Richard W. Wieking, Clerk

                                                    By: LISA R CLARK, Deputy Clerk